153 So. 538

ADCOCK v. PALMER.

No. 31965.

Feb. 26, 1934.

George Wesley Smith, of Monroe, and G. P. Bullis, of Vidalia, for appellant.

J. Fair Hardin, Ben E. Coleman, and James G. Palmer, all of Shreveport, for appellee.

BRUNOT, Justice.

The defendant is an attorney at law. In his professional capacity he recovered for the widow and heirs of the late W. H. Pearson certain lands situated in Sabine parish, La., more particularly described in the plaintiff's

petition. Under the defendant's contract of employment, the widow and heirs of W. H. Pearson, deceased, conveyed to defendant one-half of the lands he succeeded in recovering for them, as the agreed compensation for his services.

The plaintiff alleges that in consideration of her title research and subsequent assistance in securing the employment of the defendant as the attorney of the widow and heirs of W. H. Pearson, deceased, for the purpose mentioned, supra, the defendant orally agreed with plaintiff to divide with her whatever property he might receive as a result of said employment, on a fifty-fifty basis, and this suit is for the judicial enforcement of that agreement.

It is alleged in the petition that the oral agreement was evidenced by a written memorandum which the plaintiff had lost prior to the filing of the suit. The demand of the plaintiff is for title to real estate. She prays, in part, as follows:

"That there be judgment in favor of petitioner and against said James G. Palmer, ordering said Palmer to convey to petitioner an undivided one-half of all of his rights, title and interest in and to the above described lands at the time of filing of this suit, and in the event of his failure so to do, that the judgment of the court herein stand as a conveyance to petitioner."

The defendant first excepted to the jurisdiction of the court ratione materiae. This exception was argued, submitted, and overruled. The defendant thereupon excepted to the petition as not disclosing a right or cause of action. In due course this exception was also overruled.

The defendant answered the suit. After reserving the benefit of his exceptions, he admits that the litigation for the recovery of the property was settled by compromise and that he acquired title to one-half of the property thus recovered, as compensation for his services, but denies all other allegations of the plaintiff's petition.

The case was tried on the merits, and, from a judgment thereon rejecting the plaintiff's demands and dismissing the suit, the plaintiff appealed.

At the outset we will say, the plaintiff prays to be decreed the owner of real estate. She does not allege fraud or error, nor does she allege that she has complied, in any way, with the prerequisites of a suit upon a lost instrument, although the sole basis for her suit is an alleged verbal agreement, alleged to have been evidenced by a lost written memorandum.

The record discloses that, during the trial, the defendant objected to oral testimony offered to establish title to real estate, and the objection, without repetition, was made general to all similar testimony.

The record discloses that the testimony of two of plaintiff's witnesses, Clyde C. Ware and J. H. Stephens, was taken under commission, and the testimony of E. S. White was taken out of court. For this reason, counsel for plaintiff stresses the fact that the trial judge was in no better position to determine the credibility of the witnesses in this case than the judges of this court.

The record shows that nine witnesses, including the principals in this litigation, were before the court, and of the three who testified out of the presence of the court, one, J. H. Stephens, admits in answer to cross-interrogatory No. 7, that he would be entitled to an interest in whatever he and the plaintiff might recover. Another, E. S. White, relates practically nothing of which he had personal knowledge, but bases his testimony upon information given him by the plaintiff. The third witness is the chauffeur of Mrs. Roseboom, a constant associate and intimate friend of the plaintiff. The contention of counsel, against the application of the rule that the trial judge's conception of the facts established by the testimony is entitled to great weight is, for the reasons stated, without merit.

■ We have read the record and, without reviewing the testimony, we find that the plaintiff has failed to prove her case by a fair preponderance of the evidence, even if it be conceded that oral testimony may be admitted to establish title to real estate, which, of course, cannot be permitted in the absence of allegation of fraud or error.

■ It is our opinion that the exception of no right and no cause of action filed in this case should have been sustained, but, inasmuch as the plaintiff's demands were rejected, after a trial on the merits, no purpose would be served by citing the authorities in support of that conclusion.

For the stated reasons, the judgment appealed from is affirmed at appellant's cost.

ST. PAUL, J., absent.